**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

PAULA MALTBY,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Paula Maltby, by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant State Farm Mutual Automobile Insurance Company and states the following in support:

### NATURE OF ACTION

Plaintiff Paula Maltby ("Maltby" or "Plaintiff") loyally served as an employee of Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") for over twenty-three years until her termination. Plaintiff brings this action for damages against State Farm as a result of State Farm's discrimination against her due to her of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., as amended ("ADEA").

### PARTIES

1.    Plaintiff worked as an employee of State Farm and is a resident of Colorado.

2. Plaintiff is a member of a protected class of individuals subject of the ADEA because she was over the age of forty at the time of the allegations alleged herein. Plaintiff's birth year is 1957.

3. Defendant is an employer as defined by the ADEA § 630(b), and it employed more than twenty employees during all times of Plaintiff's employment.

4. Defendant is a Foreign Corporation registered in Illinois with a principal office located at One State Farm Plaza, Bloomington, IL 61710-0001.

5. Plaintiff worked at the State Farm Greeley Operations Center located in Greeley, Colorado.

## JURISDICTION AND VENUE

6. Jurisdiction is asserted pursuant to the ADEA. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the Defendant conducts business within this District and the acts alleged by Plaintiff occurred in this District.

## ADMINISTRATIVE HISTORY

9. Plaintiff has timely and properly exhausted her administrative remedies by dual filing a Charge of Discrimination alleging age discrimination on May 21, 2019 with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC"), Charge No. FE2019274904 / 32A-2019-00551.

10.     This lawsuit is timely filed within ninety (90) days after Plaintiff's receipt of the Notice of Right to Sue from the CCRD served electronically on June 23, 2020.

11.     Upon information and belief, Plaintiff has not yet received a Notice of Right to Sue from the EEOC because of delays associated with Covid-19.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

13.     State Farm hired Maltby on May 30, 1995.

14.     Maltby performed her job duties satisfactorily and received various promotions during her tenure at State Farm.

15.     Maltby received positive critiques and performance reviews from State Farm.

16.     State Farm employed Maltby in several positions, with the most recent title being Life Customer Service Assistant, PA-3 grade level.

17.     State Farm never stated any problems or concerns with Maltby's understanding of data processing procedures,

18.     The only written warning Maltby received during her twenty-three-year career at State Farm was the result of a misunderstanding between Maltby and coworker during which Maltby told the coworker to take a "chill pill."

19.     Upon information and belief, Maltby had become the oldest employee in her department at State Farm.

20.     After Rory Richards ("Richards") became Maltby's supervisor, Maltby's experience and State Farm drastically changed and she began to be the target of age discrimination.

21.     Richards frequently made comments to Maltby about nearing retirement age and that she should enroll in State Farm's retirement classes.

22.     Richards also stressed that Maltby's compensation was too high for her position.

23.     On or about January 24, 2019, State Farm accused Maltby of having variances in internal work reporting procedures.

24.     State Farm alleged that Maltby had made false entries into the Metric Manager system over the course of December 4, 2018 through January 23, 2019.

25.     The internal reporting procedures of the Metric Manager have no impact on customers or on the work performed by employees of State Farm.

26.     Instead, State Farm wrongly suggested that Maltby engaged in activity to inflate her productivity.

27.     Maltby reviewed the alleged variances and confirmed that her work had been completed in the manner that she had been instructed.

28.     Additionally, Maltby's work had been performed in the same manner as her younger coworkers.

29.     On or about January 28, 2019, State Farm terminated Maltby for violating internal reporting procedures.

30.     State Farm allowed Maltby to take her early retirement rather than being listed as a terminated employee, which would have disallowed her ability to receive her earned retirement benefits.

## **FIRST CLAIM FOR RELIEF**

Age Discrimination in violation of the ADEA

31.    Plaintiff incorporates by reference the allegations set forth above as if fully stated herein.

32.    Maltby is over the age of forty and entitled to the protections afforded by the ADEA.

33.    Maltby's age was the determining factor in State Farm's decision to terminate her employment.

34.    But for Maltby's age, State Farm would not have terminated Maltby.

35.    Any reason or reasons proffered by State Farm for terminating Maltby are pretextual, including allegations that Maltby did not follow documenting procedures as she had been instructed.

36.    State Farm willfully and intentionally subjected Maltby to age discrimination by treating Maltby differently than her younger coworkers.

37.    State Farm knew its action violated the ADEA or was recklessly indifferent in that regard.

38.    As a direct and proximate result of the foregoing actions and the conduct of State Farm, Maltby has suffered damages including, but not limited to, loss of back wages, front wages, and fringe benefits. Maltby is entitled to liquidated damages because State Farm's actions were knowing and willful.

## **JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paula Maltby prays for judgment against Defendant State Farm Mutual Automobile Insurance Company in an amount to be determined at trial, pre-judgment and post-judgment interest, liquidated damages, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

Dated: September 21, 2020.

Respectfully submitted,

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
101 West Colfax Avenue, Suite 650
Denver, CO 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Andrew.Quisenberry@coloradolaw.net

*Attorney for Plaintiff*